UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

CIVIL ACTION NO. 19-CV-01300

ROSA VELAZQUEZ

v.

ANDREW SAUL,[1] Commissioner of Social Security

MEMORANDUM OF DECISION

July 9, 2021

ZOBEL, S.D.J.

Rosa Velazquez ("plaintiff" or "claimant") appeals the Commissioner of Social Security's final decision upholding an administrative law judge's ("ALJ") denial of plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. §§ 401-433.

I. Background

An ALJ analyzes whether a claimant is disabled by using an established five-step sequential evaluation process. See 20 C.F.R. § 404.1520(a)(4)(i)–(v). To receive DIB benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment or impairments must be "of such severity that [a claimant] is not only unable to do [her] previous work but cannot, considering [her]

---
[1] Pursuant to Fed. R. Civ. P. 25(d), Andrew Saul has been substituted for Nancy A. Berryhill as Commissioner of the Social Security Administration.

1

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A); see also 20 C.F.R. § 404.1505(a).

Plaintiff applied for DIB on July 18, 2014. The ALJ held a hearing on June 2, 2017, at which plaintiff testified. Plaintiff stated that she stopped her prior work as a laboratory assistant because she was in pain. Specifically, she testified that she had been diagnosed with arrhythmia, fibromyalgia, and arthritis, and that she suffered from occasional elbow pain and constant swelling in her hands. She also described symptoms of sadness, a suppressed appetite, and insomnia.

The ALJ determined that plaintiff's heart condition was well managed with medication and that her fibromyalgia diagnosis did not meet the requirements for a medically determinable impairment. She concluded that plaintiff had medically determinable depression, but upon evaluating the four broad areas of mental functioning, found the impairment to be non-severe. She did, however, find that plaintiff had two severe impairments, left elbow epicondylitis and bilateral hand osteoarthritis, but that she also had the residual functional capacity ("RFC") to perform light work, including past relevant work as a laboratory assistant, albeit with some physical limitations. She therefore denied the claim. The Appeals Council denied review on February 3, 2019, making the ALJ's ruling the final decision of the Commissioner for purposes of review.

II.   **Standard of Review**

The Commissioner's findings of fact are conclusive if based on the correct legal standard and supported by substantial evidence. 42 U.S.C. § 405(g); Seavey v.

2

Barnhart, 276 F.3d 1, 10 (1st Cir. 2001). The substantial evidence standard is "not high" and only requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

## III.  Discussion

Plaintiff only challenges the ALJ's assessment of her mental condition. To support her depression claim, she submitted progress notes from the medical team at Inspira Behavioral Care ("Inspira"), who saw plaintiff periodically between March 2014 and March 2017. In addition, the ALJ received consultative examination reports from Yarelis M. Perez Rivera, M.D. ("Dr. Perez"), and Luis Saliceti Rivera, Psy.D ("Dr. Saliceti"). Dr. Perez noted that plaintiff had "severe major depression." Dr. Saliceti opined that plaintiff had "major depressive disorder, recurrent, moderate" and a "postponed diagnosis of personality disorders." The ALJ also accepted reports from the two state agency consultant reviewers, Jesus Soto, Ph.D. ("Dr. Soto"), and Hugo Roman, Ph.D. ("Dr. Roman"), who each found claimant was not disabled. Plaintiff argues that Dr. Roman ignored several Inspira progress notes regarding her symptoms and that Dr. Soto and the ALJ failed to evaluate Dr. Saliceti's opinion and therefore failed to include depression as a severe impairment.

The regulations require that the ALJ determine the severity of a claimant's mental impairment by rating the claimant's abilities in four broad functional areas: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a(c). The claimant's mental impairment is considered non-severe

3

if she is rated "none" or "mild" in each of the functional areas. 20 C.F.R. § 404.1520a(d)(1).

The ALJ concluded that plaintiff had the medically determinable impairment of depression, consistent with Dr. Perez's and Dr. Saliceti's opinions. In the discussion of the four broad areas of mental functioning, however, the ALJ cited record evidence which demonstrated that plaintiff's "mental status exams were always within normal limits or showed only very mild limitations." Indeed, Dr. Saliceti reported that plaintiff drove to the appointment by herself and arrived on time, that she was cooperative, and that she performed well on concentration and attention, memory, arithmetic, and abstract reasoning evaluations. Dr. Soto acknowledged that Dr. Saliceti diagnosed plaintiff with a depressed mood, but stated that the resulting "limitations are not credible to the extent alleged because the medical evidence in [the] file does not sustain alleged levels of symptom[] severity."

Plaintiff points to specific Inspira progress notes between March 2014 and March 2017 which indicate that she was on medication for symptoms related to insomnia, anxiety, and depression. Nevertheless, the same notes reflect that plaintiff regularly had a relevant, coherent, and logical thought process, no memory alteration, a cooperative attitude, adequate attention and concentration, and good hygiene. The ALJ thus concluded that plaintiff's allegations regarding the severity of her symptoms were not supported by the longitudinal medical evidence. See Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981) (quoting Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965)) ("The drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner]."). Contrary to plaintiff's

assertions that the ALJ did not rely on medical opinions, the decision cited the reports of the state agency psychological consultants, who each considered Dr. Saliceti's opinion and the evidence from plaintiff's mental exams and found that she was not disabled. Notably, the medical records plaintiff references do not support a conclusion that she was severely impaired with depression for the 12-month durational requirement. See Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001) (stating that the social security applicant has the burden of proof and production for the ALJ's determination of plaintiff's RFC).

There was substantial evidence supporting the ALJ's determination that plaintiff experienced mild limitations from her mental condition. Accordingly, the ALJ did not err in failing to include depression as a severe impairment.

### IV. Conclusion

The motion to reverse the Commissioner's decision (Docket # 19) is DENIED; the motion to affirm (Docket # 24) is ALLOWED. Judgment may enter affirming the Commissioner's decision.

July 9, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

5